## ELIZA BRINCKLOE v. JOHN BRINCKLOE, JAMES HARRINGTON, JOHN ADAMS, WILLIAM BRINCKLOE, and HENRY HINSON.

Orphans' Court. Kent. August 8, 1821.

*Ridgely's Notebook III, 404.*

</center>

*John M. Clayton* for the petitioner. *Willard Hall* for [defendants]. . . .

THE CHANCELLOR. In this state all lands, tenements and hereditaments, where no sufficient personal estate can be found, are liable to be seized and sold upon judgment, and execution obtained, 1 Del.Laws 110. So lands may [be sold] by executors, 1 Del.Laws 281, and by administrators, 1 Del.Laws 292, by order of the court for payment of debts.

By these Acts of Assembly all debts are in some form charged upon lands and made liens or incumbrances, so as to exclude the widow's dower. And in the Supplement to "An Act for the better confirmation of the owners of lands, etc. in their just rights and possessions," 1 Del.Laws 138, it is declared that by the laws of this government lands were always subject to be taken in execution and sold for the payment of debts, as well as to be sold by executors and administrators for the payment of their intestates' and testators' debts.

It is evident then that debts always have been incumbrances on land; and although their effect has not been such as to bind or charge them when *bona fide* sold by the owner in his lifetime, yet, in all cases where the land passes by the operation of law or by devise, the debts are liens or incumbrances, and the wife, heir or devisee takes, liable to be affected by such incumbrances. The difference consists in the mode of proceeding in converting these assets into money for the satisfaction of the debts, and not in the liability of the land. When the land is sold by the sheriff on an execution upon a judgment recovered in a court of law, or by an executor or administrator by order of the Orphans' Court, the wife is completely barred of her dower.

A mortgage is a lien on land, yet if the wife does not join in the deed, and the land, after the death of the husband, is sold by process of law on the mortgage, the wife is not thereby barred of her dower. This was so decided in the High Court of Errors and Appeals at August Term, 1807, in the case of *Marshall v. the Lessee of Daniel Wolfe*. But if there is a debt on bond or simple contract, and the husband dies, the land may be sold to bar the dower of the wife, either upon a judgment recovered at law, or by order of the Orphans' Court. In these instances the debts operate according to the nature of the securities. The bond or simple contract debt is a lien, or incumbrance, or charge on the land, and, after the death of the husband, attaches and must be paid before the wife can take her dower, but the mortgage has no

such effect; and the reason is because the law charges the bond or simple contract debt on the land, and the mortgage is a lien by the act of the party, and the wife not having joined in it, she is not barred.

A judgment recovered after the marriage did not, at common law, bar a widow of her dower; but the Acts of Assembly before mentioned made them liens or incumbrances against the wife, and made a common debt, as to her, as much a lien or incumbrance as a debt on judgment. In giving a construction to the Act of 1816 [5 Del.Laws 174] the words, "lien" or "incumbrance," must be expounded according to the intention of the legislature and the subject matter. When the legislature excepted liens or incumbrances existing before the passing the Act, they excepted all such charges, burdens, liens or incumbrances, no matter by what name they were called, as before that Act prevented a widow from recovering her dower. The general provision of the Act is that the wife shall be entitled to dower in preference to all charges and incumbrances created by the husband alone after the marriage; but it was felt that it would be a breach of faith, a violation of contracts, to give the wife a right of dower paramount [to] the debts which had been created and were incumbrances before the Act was passed, and therefore they provided that nothing therein contained should be construed or taken to affect or destroy any lien or incumbrance existing before the passing the Act. A judgment recovered after the marriage no more barred the wife than a debt not upon judgment; but on the death of the husband they both attached and barred her, and therefore they both alike were incumbrances as to her and are excepted. It was not designed by this Act to break in upon the existing rights of the parties, but prospectively to adopt a new system in relation to dower. And certainly no wrong was done to the wife by leaving the law, as to past cases, precisely as it stood at the time the Act was passed.

Whatever may be the technical meaning of the words, "lien" or "incumbrance," we must use and construe them according to the sense of the legislature, and so as to give effect to the Act of Assembly. In 1 Vern. 309, *Norton v. Sprig,* a bond given by a widow, who afterwards married, is called by the court a lien by deed; and in 3 Burr. 1375, *Montcaster v. Watson et al.,* the words, charges and incumbrances, were said to mean incumbrances on the estate, as dower etc.

With my view of the subject, it is unnecessary to enter into a consideration of the constitutionality of the Act. The legislature

did not interfere with past contracts; they left them in full force and by no means impaired their obligation.

Appeal taken.

———

This case was carried by appeal by Eliza Brinckl[o]e, the petitioner, to the Supreme Court, and at March Term, 1822, the appeal was dismissed and the judgment of the Orphans' Court affirmed.